**NOT FOR PUBLICATION**

```
                        UNITED STATES DISTRICT COURT
                           DISTRICT OF NEW JERSEY
```

```
JOHN R. DEMOS,                    :
                                  :
            Plaintiff,            : Civil Action No. 05-5843 (WJM)
                                  :
      v.                          :
                                  :           O P I N I O N
JOHN DOE, CHAIRMAN, AMERICAN      :
INSTITUTE FOR FOOD DISTRIBUTION,  :
                                  :
            Defendant.            :
_____:
```

    JOHN R. DEMOS, Plaintiff pro se
    #287455
    Washington Correctional Facility
    1313 North 13th Avenue
    Walla Walla, Washington  99362

MARTINI, District Judge:

This matter is before the Court on plaintiff's application to file a civil complaint in forma pauperis without prepayment of the $250.00 filing fee.  For the reasons set forth below, the Court will deny plaintiff's in forma pauperis application pursuant to 28 U.S.C. § 1915(g), and direct the Clerk of the Court to close the file, without prejudice to the plaintiff's filing a paid Complaint.

## I.  BACKGROUND

Plaintiff, John R. Demos, incarcerated at the Washington Correctional Facility in Walla Walla, Washington, alleges that on September 2, 2005, he ingested candy "M&Ms", manufactured by

Hershey Foods and distributed by defendant American Institute for Food Distribution, which caused him to suffer stomach cramps, constipation, indigestion and heart burn, as well as loss of sleep, stress and worry.  He seeks damages , costs, and other relief for breach of contract, negligence, consumer fraud, and various other legal grounds.

## II.   DISCUSSION

The Prison Litigation Reform Act of 1995, enacted on April 26, 1996, prohibits a prisoner from bringing a civil action in forma pauperis pursuant to 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted. . . ."  28 U.S.C. § 1915(g).  A prisoner who has three or more such dismissals may be excused from this rule only if he is "under imminent danger of serious physical injury."  Id.  When deciding whether an inmate meets the "imminent danger" requirement, a court must examine the situation faced by the inmate at the time of the filing of the complaint, and a showing of danger in the past is insufficient to demonstrate "imminent danger."  Abdul-Akbar v. McKelvie, 239 F.3d 307, 312 (3d Cir. 2001).

2

An examination of court records reveals Demos has filed numerous actions in the District of New Jersey and other federal district courts in the United States.  The Court was easily able to identify at least three civil actions which were dismissed as frivolous or for failure to state a claim.  See, e.g., Demos v. John Doe, Chairman "Mars Incorporated" Candy Co., Civ. No. 94-4780 (AJL) (D.N.J.) (dismissed as frivolous September 30, 1994); Demos v. Warner-Lambert Company, Civ. No. 94-5309 (WGB)(dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim); Demos v. Ryan, Civ. No. 00-921 (AJL)(D.N.J.) (dismissed for failure to state a claim September 18, 2000).

The Court further notes that Demos had filed numerous civil actions in other district courts which also had been dismissed as frivolous or for failure to state a claim.  See Demos v. Clinton, Civ. No. 94-939 (D.D.C.); Demos v. Doe, Civ. No. 94-1684 (N.D. Ga.); Demos v. Doe, Civ. No. 94-1778 (D. Colo.); Demos v. Frito-Lay, Inc., Civ. No. 94-1805 (N.D. Tex.); Demos v. Doe, Civ. No. 94-2719 (N.D. Tex.); Demos v. Doe, Civ. No. 94-3817 (N.D. Ill.); Demos v. Heinz, Civ. No. 94-4037 (E.D. Pa.); Demos v. Doe, Civ. No. 94-4978 (N.D. Ill.); Demos v. Doe, Civ. No. 96-743 (W.D. Mich.); Demos v. IRS, Civ. No. 96-1822 (D.D.C.); Demos v. Director, Census Bureau, Civ. No. 96-1823 (D.D.C.); Demos v. Director, Patent Office, Civ. No. 96-1824 (D.D.C.); Demos v. Director, Mint Office, Civ. No. 96-1825 (D.D.C.); Demos v.

Greenspan, Civ. No. 96-1826 (D.D.C.); Demos v. Skurka, Civ. No. 96-2267 (D.D.C.); Demos v. Doe, Civ. No. 97-599 (W.D. Wash.); Demos v. Hatin, Civ. No. 97-1819 (N.D. Ga.); Demos v. Scott Paper Company, Civ. No. 97-4109 (E.D. Pa.); Demos v. Hunt Oil Company, Civ. No. 00-44 (D. Wyo.); Demos v. Mellor, Civ. No. 00-187 (W.D. Va.); Demos v. Usher, Civ. No. 00-381 (W.D. Pa.); Demos v. Doe, Civ. No. 00-594 (N.D. Ga.); Demos v. Motellep, Civ. No. 00-698 (D. Md.); Demos v. P.A. Ridder, Civ. No. 00-747 (S.D. Fla.); and Demos v. Doe, Civ. No. 00-7158 (N.D. Ohio).  Clearly, Demos is a "frequent filer" of frivolous lawsuits.

Moreover, even when construed liberally in Demos' favor, Haines v. Kerner, 404 U.S. 519 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992), the allegations in his Complaint do not support a finding that he is in "imminent danger of serious physical injury" which would excuse him from the restrictions of 28 U.S.C. § 1915(g).  Therefore, because Demos has well more than three "strikes" and does not demonstrate that he is in imminent danger, his request for in forma pauperis status will be denied, and the Clerk of the Court will be directed to close the file, without prejudice to plaintiff's filing a paid Complaint..

### III. CONCLUSION

For the reasons set forth above, Demos' application to proceed in forma pauperis in this matter is denied, and the Clerk of the Court is directed to close the file, without prejudice to

4

plaintiff's filing a paid Complaint.  An appropriate Order follows.

s/William J. Martini
_____
WILLIAM J. MARTINI
United States District Judge

DATED: April 4, 2006